E-Filed 5/2/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG'S PRODUCE, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>PUSHPAK RESTAURANTS INC., et al.,<br><br>  Defendants. | Case No. 15-cv-04923-HRL<br><br>**INTERIM ORDER ON MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 15 |

    Chong's Produce, Inc. ("Chong's Produce") sues Pushpak Restaurants Inc. ("Pushpak") and Prasad Vasireddy ("Vasireddy"), the owner of Pushpak, for failure to pay $52,843.17 due on a series of fresh-produce sales that began at some point in 2014. Chong's Produce raises several claims under the Perishable Agricultural Commodities Act ("PACA") and one claim for breach of contract. Defendants have not appeared. The Clerk of Court entered defaults; Chong's Produce moves for default judgment.

    The undersigned sees several deficiencies in the motion. What particular facts plausibly show Pushpak buys enough fresh produce to qualify as a PACA dealer? What particular facts, if any, plausibly show Vasireddy was an active owner who might be held personally liable for breach of a fiduciary duty? *See Tom Ver LLC v. Organic Alliance, Inc.*, 13-cv-03506-LHK, 2015 WL 2412381, at *3-4 (N.D. Cal. May 20, 2015) (granting summary judgment to an individual fiduciary for lack of any evidence that he personally played a role in causing a PACA violation). What evidence would permit the court to calculate, transaction by transaction, that the total unpaid principal balance is equal to $52,843.17? *TeleVideo Sys., Inc. v. Heidenthal*, 826 f.2d 915, 917-18 (9th Cir. 1987) (district courts may not accept conclusory allegations to establish the amount of damages when entering default judgment). And does Chong's Produce have any basis for its attorney-fees request other than a case which discusses when a court may sanction a party who

repeatedly defaults? *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

The hearing on this motion set for May 3, 2016, is vacated. Chong's Produce shall file, no later than May 23, 2016, a statement in response to this order. The statement shall describe any evidence responsive to the court's concerns. The statement may also include citations to additional authority that might justify the request for an award of attorney fees. Chong's Produce shall support its statement, as necessary, with declarations and exhibits; the court cautions Chong's Produce that it shall not rely on a "sample" of the damages evidence as justification for the requested judgment. *See* Dkt. No. 15-5 at 1.

The court shall set a new date for a hearing on this motion, if appropriate, after Chong's Produce submits its statement in response to this order.

**IT IS SO ORDERED.**

Dated: 5/2/16

HOWARD R. LLOYD
United States Magistrate Judge

2