E-filed 2/27/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG'S PRODUCE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PUSHPAK RESTAURANTS INC., et al.,<br><br>    Defendants. | Case No.15-cv-04923-HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 15, 21 |

Plaintiff Chong's Produce, Inc. ("Chong's") sues defendants Pushpak Restaurants, Inc. ("Pushpak") and Prasad Vasireddy ("Vasireddy") (collectively "Defendants") for violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, and breach of contract. Dkt. No. 1. Chong's asserts that Defendants ordered and accepted 60 shipments of produce, for a total of $52,843.17, without paying. Chong's claims that (1) Defendants' failure to pay violated the terms of a PACA trust, (2) Defendants' failure to pay breached a contract with Chong's, and (3) Vasireddy breached a fiduciary duty in failing to preserve and maintain the assets of the PACA trust. Chong's moves the court for a default judgment against Defendants.

Defendants have not consented to the undersigned's jurisdiction. As a result, the undersigned orders that this case be reassigned to a district judge. The undersigned also recommends, for the reasons stated below, that the motion for default judgment be granted-in-part.

**BACKGROUND**

Chong's buys and sells produce in the wholesale market. Dkt. No. 1, ¶ 1. In 2013, Chong's began selling produce to Pushpak. *Id.* at ¶ 7. From December 2014 through April 2015, Pushpak failed to pay for the deliveries it ordered and received. *Id.* at ¶ 3. Pushpak ultimately received and did not pay for orders documented by 60 separate invoices, resulting in an unpaid

balance of $52,667.15.[1]  Dkt. No. 21, Chong Decl., Ex. A.

In October of 2016, Chong's filed a complaint in this court and served Defendants Pushpak and Vasireddy.  Dkt. Nos. 1, 7.  The complaint includes six claims, for (1) declaratary relief validating a PACA trust claim, (2) enforcement of payments from PACA trust assets, (3) violation of PACA: failure to maintain PACA trust assets and creation of a common fund, (4) violation of PACA: failure to pay promptly, (5) breach of contract (against Defendant Pushpak) and (6) breach of fiduciary duty to PACA trust beneficiaries (against Defendant Vasireddy).  Dkt. No. 1.  After Defendants failed to appear, the clerk entered the Defendants' default.  Dkt. No. 12.  Chong's then moved for default judgment by the court.  Dkt. No. 15.

The court issued an interim order on the motion for default in May 2016 that described four deficiencies in Chong's motion and instructed Chong's to file additional evidence and/or authority.  Dkt. No. 20.  The supplemental materials, the court instructed, should address the following questions: (1) whether Pushpak buys enough fresh produce to qualify as a PACA dealer, (2) what particular facts show that Vasireddy may be held personally liable for a breach of a fiduciary duty, (3) what evidence allows the court to calculate the total unpaid principal balance, and (4) what is Chong's support for its request for attorney's fees.  *Id.*

Chong's submitted supplemental materials, which included additional citations supporting the argument that a plaintiff who successfully enforces the terms of a PACA trust is entitled to attorneys' fees and costs.  Dkt. No. 21.  Chong's also submitted a declaration from owner Alex Chong containing the following assertions.  In calendar year 2014, Chong's sold Pushpak more than $208,000 worth of produce.  Dkt. No. 21, Chong Decl., ¶ 2.  Chong's did not carry specialty items requested by the defendant restaurant, however, so Pushpak also purchased produce from other dealers at the same time.  *Id.*  Chong spoke to Vasireddy on numerous occasions, including after Pushpak stopped payings its invoices.  *Id.*, at ¶ 4.  Finally, Vasireddy, who is listed on the California Secretary of State's website as the owner of Pushpak Restaurants, Inc., and the registered agent for service of process, Dkt. No. 21, Bishop Decl., ¶ 3, Ex. A, told Chong on

---

[1] As noted above, Chong's claimed a total of $52,843.17; but the undersigned checked these calculations and arrived at a total of $52,667.15.

2

behalf of Pushpak that the unpaid invoices would be paid, and that he needed more time. Dkt. No. 21, Chong Decl., ¶ 4.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 55(b), the court may enter a default judgment against a party whose default has been entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In *Eitel v. McCool*, the Ninth Circuit described seven factors courts should consider in determining whether to grant default judgment. 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the claimant; (2) the merits of the substantive claim; (3) the sufficiency of the claimant's pleading; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* In general, the court should take the claimant's factual allegations to be true, except for allegations of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## DISCUSSION

**1. Subject-Matter and Personal Jurisdiction.**

Before entering a default judgment, a district court must first review whether subject-matter and personal jurisdiction exist. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the court has subject matter jurisdiction over this matter because Chong's PACA claims arise under federal law, and the court may exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. §§ 1331, 1367. The undersigned is also satisfied that the court has personal jurisdiction over the Defendants. The courts within a state have personal jurisdiction over individuals who reside there and corporations incorporated therein. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011). Courts also have personal jurisdiction over parties who have sufficient "minimum contacts" with a state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Chong's alleges that Pushpak is incorporated in California, Dkt. No. 1, at ¶ 2, and that Vasireddy has substantial contacts with the state as the owner and a principal of Pushpak Restaurants, which allegedly did business in California. *Id.*, Dkt

No. 21, Bishop Decl., ¶ 3, Chong Decl., ¶ 4.  A party also must be properly served before a federal court may exercise personal jurisdiction over that party.  *See Jackson v. Hayawaka*, 682 F.2d 1344, 1347 (9th Cir. 1982).  Chong's caused Vasireddy and Pushpak to be served with the summons and complaint.  Dkt. No. 7.  The undersigned is therefore satisfied that the court has personal jurisdiction over Defendants and subject-matter jurisdiction over Plaintiff's claims.

**2.  The *Eitel* Factors.**

Each of the *Eitel* factors weighs in favor of entry of default judgment against Defendants.  First, if the court denied the motion, Plaintiff would be prejudiced in that it would be left without an alternative remedy for recovering the amounts owed to it.

As to the second and third factors, the Complaint alleges sufficient facts to plead meritorious PACA trust and breach of fiduciary duty claims.[2]  A PACA trust "automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers involved in the transaction until full payment of the sums owing has been received."  *In re Milton Poulos, Inc.*, 947 F.2d 1351, 1352 (9th Cir. 1991).  PACA plaintiffs must give dealers written notice of intent to preserve the benefits of the trust to recover under trust theories.  7 U.S.C. § 499e(c)(3).  In order to hold an individual personally liable on a breach of fiduciary duty theory under PACA, the individual must have had an actual ability to control PACA trust assets.  *Tom Ver LLC v. Organic Alliance, Inc.*, No. 13-cv-03506-LHK, 2015 WL 2412381, at *8 (N.D. Cal. Nov. 11, 2015).

Plaintiff has alleged or submitted evidence establishing that (1) the commodities sold were perishable agricultural commodities, (2) defendant Pushpak was a PACA dealer (this allegation is supported with a declaration stating that defendant purchased $208,000 from plaintiff and additional produce from other wholesale companies in a calendar year, Dkt. No. 21, Chong Decl., ¶ 2), (3) the transaction occurred in contemplation of interstate commerce, (4) Chong's has not received full payment, and (5) Plaintiff properly preserved its benefits under the PACA trust

---

[2] Because the motion for default judgment focuses on Plaintiff's claims for damages, fees, and costs, the undersigned addresses only those claims that request that form of relief.  Further, the undersigned declines to consider Plaintiff's claim for creation of a common fund, as Plaintiff has not identified any other unpaid PACA sellers.

created with Defendants by including the statutorily required notice of intent on its invoices, Dkt. No. 21, Chong Decl., Ex. A.  As such, the court finds Plaintiff has stated valid PACA trust claims. *See Tom Ver LLC*, 2015 WL 2412381, at *8.  Further, Plaintiff has sufficiently pled a breach of fiduciary duty claim under PACA against Vasireddy by alleging that he controlled Pushpak.  Dkt. No. 1, ¶ 43.  Plaintiff supported this allegation with declarations stating that Vasireddy was Pushpak's owner and registered agent for service of process, that he responded to Plaintiff's inquiries about payments, and that he "made assurances on behalf of Pushpak" regarding its ability to pay the unpaid invoices.  Dkt. No. 21, Bishop Decl., ¶ 3, Chong Decl., ¶ 4; *see also Grimmway Enters., Inc. v. PIC Fresh Global, Inc.*, 548 F. Supp. 2d 840, 849-50 (E.D. Cal. 2008).

Plaintiff has also pled a valid breach of contract claim against Pushpak.  The elements of a breach of contract claim are: (1) a valid contract, (2) performance by the Plaintiff (or excuse for non-performance), (3) breach by Defendant, and (4) damages resulting from the breach.  *Fed. Deposit Ins. Corp. v. Quest, F.S., Inc.*, No. SACV 10-00710 DOC (RNBx), 2011 WL 2560428, at *3 (C.D. Cal. June 27, 2011) (citing *Wall Street Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171 (2008)).  Here, Chong's has sufficiently pled that its invoices constituted contracts between itself and Pushpak, that it delivered the produce listed in the invoices, that Pushpak breached by failing to pay for the produce, and that Chong's suffered damages in the amounts of the unpaid invoices.  The second and third *Eitel* factors thus favor the entry of default judgment.

Fourth, the sum of money at stake is relatively small.  While a large amount of money weighs against default judgment, the amount at stake here—just shy of $53,000—is nowhere near the several-million-dollar-sum at stake in *Eitel* that caused the court concern in that case.  Because the sum of money here is both modest and reasonable in light of Defendants' conduct in failing to pay for the produce received, this factor favors entering default judgment.

Fifth, as to the possibility of a dispute concerning material facts, Defendants have not filed an answer, and so a dispute about the facts submitted above (and supported by Plaintiff's evidence) is unlikely.  Sixth, similarly, it is unlikely that the default was due to excusable neglect.  Defendants were properly served over a year ago and have not appeared.  Finally, though the Federal Rules of Civil Procedure favor decisions on the merits, such a judgment is not practical

when a defendant has failed to defend an action as Defendants have here.  The *Eitel* factors each weigh in favor of granting Plaintiff's motion for default judgment.

### 3.  Damages.

PACA states that any dealer who violates the statute's provisions "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation."  7 U.S.C. § 499e(a).  Individuals may be held personally liable for breaches of fiduciary duty to preserve PACA assets if they are "in a position to control" those assets.  *Tom Ver LLC v. Organic Alliance, Inc.*, No. 13-cv-03506-LHK, 2015 WL 24212381, at *2 (N.D. Cal. May 20, 2015) (quoting *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997)).  Here, as discussed above, Plaintiff has pled and provided sufficient facts to hold Vasireddy personally liable.  And Plaintiff has produced invoices demonstrating $52,667.15 of unpaid deliveries.  Vasireddy and Pushpak are thus liable for this full value of the delivered and unpaid produce.

As the invoices submitted by Plaintiff contained a notice that "[a] late charge of 1.5% per month (18% annually) will be added to past due accounts[,]" and as "prejudgment interest may be included in a PACA trust claim if supported by a contractual right," *Church Bros. LLC v. Garden of Eden Produce, LLC*, No. 5:11-cv-04114 EJD, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012) (citing *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1225-26 (9th Cir. 2002), Plaintiff is entitled to prejudgment interest of $9,121.00 accrued through the date its motion was filed, plus an additional $9,298.00 in interest accrued since, for a total of $18,419.00 in interest.

### 4.  Attorney Fees and Costs.

"Although an express statutory basis for attorneys' fees does not exist under PACA, the Ninth Circuit has found attorneys' fees proper when an enforceable contract exists giving the plaintiff a right to attorneys' fees."  *Sequoia Sales, Inc. v. P.Y. Produce, LLC*, No. CV 10-5757 CW (NJV), 2011 WL 3607242, at *7 (N.D. Cal. July 29, 2011) (citing *Middle Mountain Land & Produce, Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1225 (9th Cir. 2002).  Here, the invoices submitted to Defendants contained language entitling the prevailing party in an action to enforce the invoices to attorney fees and costs.  Dkt. No. 21, Chong Decl., Ex. A.  Courts have found that

such invoices may be valid contracts. *Boyd v. Oscar Fisher Co.*, 210 Cal. App. 3d 368 (1989). The court thus determines that Defendants are liable for Plaintiff's reasonable attorney fees and costs. *See Sequoia Sales, Inc.*, 2011 WL 3607242 at *8.

Courts in the Ninth Circuit calculate a reasonable attorney fee using the lodestar method, multiplying "the number of hours . . . reasonably expended . . . by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). A party must demonstrate that the attorney fees it seeks are "in line with the prevailing market rate" in the district. *See Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). This typically requires attorneys to file declarations demonstrating that the requested hourly rates are in accord with "prevailing fees in the community[] and rate determinations in" similar cases. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Litigants, ideally, will provide evidence "in addition to" the declaration of an attorney whose own fee rate is at issue. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). But a district court may also rely "on its own knowledge and experience" to set reasonable fee rates when a litigant submits inadequate declarations. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Chong's claims $2,700 in fees and $343.90 in costs. Dkt. No. 15, Bishop Decl., ¶¶ 9-12. The fees are for the work of attorney Susan Bishop ("Bishop"), who bills at a rate of $370 or $380/hour (her rate increased over the course of this litigation), and an individual named Dan Miller. *Id.* As an initial matter, the undersigned declines to recommend an award of the $360.00 requested for the work performed by Dan Miller. The court has no means of identifying this individual and cannot determine if his rate or the number of hours he expended on his tasks were reasonable. The other timekeeper, Bishop, is lead counsel for plaintiff. Bishop claims fees for six hours of work related to preparing and filing various documents in this matter. *Id.* Based on determinations by other courts in this district concerning similar matters, the undersigned concludes that this amount of time was reasonably spent. *See Sequoia Sales, Inc. v. P.Y. Produce, LLC*, 10-cv-05757-CW_NJV, 2011 WL 3607242 at *9 (N.D. Cal. Jul. 29, 2011); *Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.*, 14-cv-01096-YGR, 2015 WL 1160584 at *5 (N.D.

Cal. Mar. 13, 2015).

Bishop, however, offers no evidence that her hourly rate is reasonable. She provides no details regarding her education, her years of experience as an attorney, her expertise related to this particular area of practice, or what constitutes a reasonable rate in the Bay Area. The court, however, may make up for the deficiencies in an attorney's declaration by relying on its own knowledge and experience. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The undersigned observes that Bishop was admitted to the California Bar in 1996.[3] The undersigned further observes that the rate charged by Bishop has been found reasonable by courts in this district in similar PACA cases. *See Sequoia Sales, Inc. v. P.Y. Produce, LLC*, 10-cv-05757-CW-NJV, 2011 WL 3607242 at *9 (N.D. Cal. Jul. 29, 2011) (finding rates between $285 and $350 to be reasonable); *Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.*, 14-cv-01096-YGR, 2015 WL 1160584 at *5 (N.D. Cal. Mar. 13, 2015) (finding rates betwwen $275 and $375 to be reasonable); *Tom Ver LLC v. Organic Alliance, Inc.*, 13-cv-03507-LHK, 2015 WL 6957483 at *13 (N.D. Cal. Nov. 11, 2015) (finding rates between $310 and $400 to be reasonable); *Healthy Harvest Berries, Inc. v. Health Am. Fresh Foods, Inc.*, Case No. 15-cv-03663-HRL, Dkt. No. 24 (N.D. Cal. Apr. 22, 2016) (finding rates between $350 and $400 to be reasonable). On this basis, the undersigned concludes that Bishop's hourly rate is reasonable.

Multiplying Bishop's hours times her hourly rate, the undersigned recommends an award to Chong's of $2,250 in attorney fees. The undersigned further finds the $343.90 in costs claimed to be reasonable and recommends that this amount be included in the award to Chong's.

## CONCLUSION

The undersigned concludes that (1) Chong's has fairly pled meritorious claims against Pushpak for PACA trust violations and breach of contract and against Vasireddy for breach of fiduciary duty and (2) that the *Eitel* factors support the entry of default judgment. The undersigned further concludes that Chong's has proved damages of $52,667.15, interest of $18,419.00, attorney's fees of $2,250.00, and costs of $343.90. The undersigned therefore

---

[3] The State Bar of Califonia, *Attorney Search*, http://members.calbar.ca.gov/fal/MemberSearch/-QuickSearch (last accessed February 24, 2017).

8

recommends that default judgment be entered in favor of Chong's Produce and against Defendants in the amount of $73,670.05.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  28 U.S.C. § 636; Fed. R. Civ. P. 72.

**SO ORDERED AND RECOMMENDED.**

Dated: 2/27/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge