UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHONG'S PRODUCE, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>PUSHPAK RESTAURANTS INC., et al.,<br><br>              Defendants. | Case No. 15-cv-04923-BLF<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE THAT DEFAULT JUDGMENT BE GRANTED IN PART**<br><br>[Re: ECF 22] |

Before the Court is Magistrate Judge Howard R. Lloyd's Report and Recommendation ("R&R") regarding Plaintiff Chong's Produce, Inc. ("Chong's")'s motion for default judgment recommending that the Court enter judgment in favor of Plaintiff and awarding Chong's the total amount of $73,680.05.[1]  *See* R&R, ECF 22.  The time for objecting to the Report and Recommendation has elapsed, and no objections were filed.  Fed. R. Civ. P. 72(b)(2).  Having read and considered Judge Lloyd's R&R, the Court adopts his recommendation in part.

Chong's, a California corporation with its principal place of business in San Jose, California, is in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.  Compl. ¶ 1, ECF 1.  Chong's brings this suit against Pushpak Restaurants, Inc. ("Pushpak") and Prasad Vasireddy (collectively, "Defendants"), alleging that although Pushpak, which is alleged to be owned and controlled by Vasireddy, ordered and accepted Produce from Chong's but failed to pay the invoices related to those orders.

---

[1] Although the R&R states that Chong's shall be awarded $73,670.05, the undersigned checked the calculations and arrived at a total of $73,680.05.

*Id.* ¶¶ 3, 9.  Chong's asserts three claims against Defendants: violation of the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a–499t, against Pushpak for failure to maintain PACA trust assets and failure to pay promptly; breach of contract against Pushpak; and breach of fiduciary duty against Vasireddy.  *See generally* Compl.  Chong's seeks the following remedies: (1) declaratory relief validating its PACA trust claim in the amount of $52,843.17, plus interest from the date each invoice became past due, costs, and attorneys' fees; (2) an order directing Pushpak to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $52,843.17, plus interest from the date each invoice became past due, costs, and attorneys' fees; (3) an order directing Pushpak to maintain PACA Trust Assets equal to the sum of $52,843.17, plus claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, directing Pushpak to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Pushpak from dissipating PACA Trust Assets; (4) an order directing Pushpak to immediately pay Plaintiff the sum of $52,843.17 plus interest from the date each invoice became past due, costs, and attorneys' fees; and (5) an order entering judgment in favor of Plaintiff and against Vasireddy—jointly and severally—in the amount of $52,832.17, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets, *i.e.*, from Pushpak.  *Id.* ¶¶ 49–54.

In his R&R, Magistrate Judge Lloyd concluded that Chong's "fairly pled meritorious claims against Pushpak for trust violations and breach of contract and against Vasireddy for breach of fiduciary duty[.]"  R&R 8.  Judge Lloyd further concluded that Chong's "proved damages of $52,667.15, interest of $18,419.00, attorney[s'] fees of $2,250.00, and costs of $343.90[,] and recommended that default judgment be entered in favor of Chong's and against Defendants.  *Id.* at 8–9.  Judge Lloyd did not address any other remedies Plaintiff sought in its complaint—*i.e.*, declaratory relief, an order regarding maintenance of a PACA trust, or an order creating a common fund—because the motion for default judgment did not address remedies other than those already mentioned.  *See generally* Mot., ECF 15-1.

The Court finds the R&R well reasoned and thorough, and adopts it with one exception.  In

his R&R, Judge Lloyd correctly concluded that Chong's was entitled to recover attorneys' fees pursuant to the terms of the contract between Pushpak and Chong's. R&R 6–7. Judge Lloyd did not clarify, however that Chong's may not recover attorneys' fees from Vasireddy because the claim against Vasireddy sounds in tort, not contract, and because the attorney fees provision contained in the invoices expressly limits the recovery of prevailing-party attorneys' fees to those incurred in seeking to enforce that agreement. *See* Suppl. Br. 3, ECF 21; *Casella v. SouthWest Dealer Servs., Inc.*, 157 Cal. App. 4th 1127, 1132 (2007) (upholding trial court decision declining to award attorneys' fees plaintiff incurred in prosecuting his tort claims because of the scope of the attorneys' fees provision contained in the contract at issue).

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's motion for default judgment against Defendants as follows:

1. Plaintiff's motion for default judgment is GRANTED IN PART.
2. Defendants are in default.
3. Plaintiff is awarded judgment against Defendants. It is HEREBY ORDERED that Plaintiff shall recover from Pushpak (1) $52,667.15 in damages, (2) $18,419 interest, (3) $2,250 in attorneys' fees, and (4) $343.90 in costs, for a total of $73,680.05. Plaintiff shall recover $52,667.15 in damages and $18,419 in interest from Vasireddy, less any monies received from Pushpak.

**IT IS SO ORDERED.**

Dated: March 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge